*205 ON REHEARING
Appellant reasserts his contention as follows :
“Issue Presented for Review Number Two is as follows: ‘Where the Defendant is on trial under indictment charging illegal possession of ten tablets containing codeine, it is reversible error on the part of the Court below to allow testimony about and the actual introduction of numerous pharmaceutical containers, labels and over 8,000 pills and tablets where there is no evidence of the actual chemical content of the substances and where an objection to such testimony and the introduction of such evidence was timely made by the Defendant ?’ ”
It appears that appellant objected to the introduction in evidence of certain items that are listed on the lengthy return (Exhibit 1, Tr. 128) to the search warrant that authorized the seizure of the narcotics and related items, including over 8,000 pills and tablets. We note that as to most of these several listed items so introduced there is no evidence of the actual chemical content. Objections to such introductions and evidence relating thereto were timely made and overruled. Appellant cites Parks v. State, 49 Ala.App. 82, 268 So.2d 498 in support of his contention of error in the Court’s ruling.
We are not willing to say that the introduction in evidence of these items created prejudice in the minds of the jury. The listings on the return admitted in evidence of the several hundred alleged narcotics and related items fully informed the jury as to the fruits of the search, and the introduction of the physical items, if error, was error without injury. Supreme Court Rule 45, T. 7, p. 1182. In Parks there was no introduction of a return to the search warrant. The same may be said about Tadlock v. State, 45 Ala.App. 246, 228 So.2d 859.
The application for rehearing is overruled.
The foregoing opinion was prepared by Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.